Michael A. Yehl, Esq. Informal Opinion Town Attorney No. 96-29 Town of Westfield Eason Hall 23 Elm Street Westfield, N Y 14787
Dear Mr. Yehl:
You have asked whether a person may serve simultaneously as the deputy town supervisor and as president of the local school board. You have explained that a member of the town board has been appointed by the town supervisor to the position of deputy supervisor and has been elected by his or her colleagues as the president of the school board. In researching the question raised, you have found 1966 Op Atty Gen (Inf) 81, which concluded that under State law a member of a board of education may not also hold the position of deputy supervisor. You have asked that we reevaluate this issue.
Under section 2103(1) of the Education Law, no town supervisor is eligible to the office of trustee or member of a board of education. A trustee or a member of a board of education vacates his office by accepting the office of supervisor. Education Law § 2112(3). Section 23(1) of the Town Law also prohibits a trustee of a school district from being "eligible to the office of supervisor".
The town board may at any time establish the office of deputy supervisor. Town Law § 42. The deputy supervisor is appointed by and serves at the pleasure of the supervisor. Id.During the absence or inability of the supervisor to act or while the office of supervisor is vacant, the deputy supervisor presides at meetings of the town board and is vested with all of the powers and duties of the supervisor, except the deputy supervisor has no vote on matters coming before the town board and does not serve as a member of the county board of supervisors. Id.In the event that the office of supervisor becomes vacant, the deputy supervisor remains in office until his or her successor is appointed by the new supervisor. Id.Any person, including a town official, may be appointed to the position of deputy supervisor provided that he or she possesses the same qualifications as an elected town officer. Id.Before performing any functions of the office, the deputy supervisor must take and file the constitutional oath of office and execute and file an official undertaking. Id.
In our view, there is no statutory bar on a deputy supervisor also serving as a member of a board of education. The statutory prohibitions only apply to the position of supervisor. The position of deputy supervisor is a separate and distinct office created by statute. Had the Legislature intended to prohibit a deputy supervisor from also serving on a board of education, it could easily have done so by referring to the specific office. Instead, the prohibitions refer only to the office of supervisor. We see no basis for extending specific statutory provisions to cover a separate town office, as defined under provisions of the Town Law. Further, we see no conflict or incompatibility between the duties of a member of a board of education and a deputy supervisor. The powers and duties of the supervisor which the deputy supervisor would perform in the event of a vacancy in the position of supervisor or where the supervisor is absent or unable to act relate to town fiscal matters. Town Law §§29, 125. The deputy supervisor has no right to vote on matters before the town board. We see no inevitable interaction between these duties and those of the president of a board of education. In instances where a town and a school district transact business, a person serving as deputy supervisor and on the board of education can remedy any potential conflict through recusal. Through this opinion, we supersede 1966 Op Atty Gen (Inf) 81.
We conclude that there is no prohibition against a person serving as the president of a school board and as the deputy supervisor of a town.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions